Dykman, J.
The plaintiff was a passenger on the defendant’s railroad, and was injured by a fall in the street as he was about to alight from the car. He testified in substance that the car was brought to a stand; that a lady walked out, and he followed her closely; that she stepped off, and as he was about to do so likewise the driver drove on, and he was thrown, in consequence of the start, and received the injuries for which this action is brought. This testimony on that subject is entirely uncorroborated. John M. Dawdney, a witness for the plaintiff, testified that he did not see him fall, but did see him before he was picked up, and that he was then about ten or fifteen feet from the cross-walk, on the north side of South Fourth street, and that the street car at that time was stopped about thirty feet further on than the man.
Frank H. Siegler, a witness for the defendant, entirely independent and uninterested, was on the car as passenger at the time, and gave a clear and concise statement of the whole occurrence, as follows: “Well, there was a lady in the car, and at the corner of South Fourth and Fifth she rang the bell to get out, and the car stopped on the north side of the street, and, of course, she got out, and the car started again, and the car got about, I should judge, twenty-five feet, and this gentleman saw he wanted to get out, and jumped up in a hurry, without ringing the bell, got up and went out on the platform, and deliberately turned around and jumped off; of course it was a rainy day and the street was slippery, and he fell down on the back of his head, and, of course, I stopped the car as soon as I saw him fall down, and the driver went back. I stopped the car by ringing the bell after he fell off; then the car came to a stop, as testified to by this last witness (Dowdney); this was a car with a rear platform and a guard across it; the getting on and off was by the side; at the time I was standing on the rear platform.”
Ellen M. McKenna, another passenger, testified as follows . “ The bell was rung and there was a lady got off on the right hand side ; she was opposite me, and she got off, *562 and when she got off the car started, and after the car had started this old gentleman got up and went for the rear of the car to get off, and he had hold of the door that way (indicating) with his left hand, and he made to get out; the platform was pretty well filled with men; it was a wet morning; they made room for the old man to get through; when this old man went through the passengers stood up between me and the old man, so that I did not see him any more at that time; and then the driver stopped the car very short, and I looked out and I saw the old gentleman in the street; and the driver took the money box under his arm and came down along the side of the car where I was sitting down and spoke to him; the car was started and in motion when the old gentleman made for to go out; the car had gone a little way after the lady got out before the old gentleman started to get out; the bell was rung again, after the lady rung it, by some one standing on the platform.”
The husband of this witness was in the employ of the defendant at the time of the trial, but her testimony is so distinct and consistent, so much in accord with the testimony of the two other witnesses named, as to command respect and belief. The cross-examination of these two witnesses for the defendant failed to elicit any inconsistency or contradiction, and their testimony, in connection with that of the plaintiff’s witness (Dowdney), is so much at variance with the testimony of the plaintiff as to create a great weight of proof against him. The testimony of the three witnesses, to which reference has been made, create such a preponderance of proof as to require the interposition of this court in the exercise of its powers of supervision over the verdict of juries; and while such interference comes with caution and reluctance, yet in a clear case it should come without halting. The testimony of the plaintiff cannot be reconciled with that of the other three witnesses who speak of the accident, while their testimony is harmonious and natural. The conclusion is irresistible that injustice has been done, and that the verdict of the jury was the result of some misconception, and a refusal to interfere with it would amount to a hesitation in the performance of duty and an abdication of the function of this court.
The judgment should be reversed and a new trial granted, with costs to abide the event.
Barnard, J., concurs.